1  Michael W. Melendez (SBN 125895)
   COZEN O'CONNOR
2  101 Montgomery Street, Suite 1400
   San Francisco, CA 94104
3  Tel:      415.644.0914
   Fax:      415.644.0978
4  Email:    mmelendez@cozen.com

5  Attorneys for Defendant
   OLD REPUBLIC INSURANCE COMPANY
6
   Louis A. Basile (SBN 047432)
7  PORTER SIMON, PROFESSIONAL
   CORPORATION
8  P.O. Box 5339
   210 Grove Street
9  Tahoe City, CA 96145
   Tel:      530-583-7268
10 Fax:      530-583-7209
   Email:    basile@portersimon.com
11
   Douglas R. Alliston (SBN 137767)
12 MURPHY CAMPBELL ALLISTON & QUINN
   8801 Folsom Boulevard, Suite 230
13 Sacramento, CA 95826
   Tel:      916-400-2300
14 Fax:      916-400-2311
   Email:    dalliston@murphycampbell.com
15
   Attorneys for Plaintiff
16 CROSS CHECK SERVICES, LLC

17

18                    UNITED STATES DISTRICT COURT

19                    EASTERN DISTRICT OF CALIFORNIA

20

21
   CROSS CHECK SERVICES, LLC,            Case No.: 2:15-cv-02113-MCE-EFB
22
              Plaintiff,                 **STIPULATION RE OLD REPUBLIC'S
23                                       MOTION FOR PARTIAL SUMMARY
        v.                               JUDGMENT AGAINST CROSS CHECK
24                                       RE CLAIM FOR UNDERLYING
   OLD REPUBLIC INSURANCE COMPANY, a     ATTORNEYS' FEES AND ORDER**
25 Pennsylvania Corporation,

26            Defendant.                 Judge: Hon. Morrison C. England, Jr.

27

28
LEGAL\28332685\1                    1               CASE NO.: 2:15-CV-02113-MCE-EFB
STIPULATION RE OLD REPUBLIC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ORDER
LEGAL\30032529\1

# **STIPULATION**

WHEREAS, plaintiff Cross Check Services, Inc. ("Cross Check") prevailed in an underlying arbitration involving the Lake Christopher Fuels Reduction project against Nevada Safe Fire Council ("NVFSC");

WHEREAS, in that arbitration, Cross Check sought prevailing party attorneys' fees against NVSFC based on a prevailing party attorneys' fees provision in purchase order contracts between Cross Check and NVSFC and California Civil Code section 1717;

WHEREAS, the arbitrator awarded Cross Check its prevailing party attorneys' fees in the amount of $39,342.50, which Attorneys' Fees Award was included in the final arbitration award;

WHEREAS, Cross Check reduced the final arbitration award, including the Attorneys' Fees Award, to a judgment in the California Superior Court;

WHEREAS, Old Republic Insurance Company ("Old Republic") issued a nonprofit organization and management liability insurance policy, number ALT61472, to NVSFC for the period January 9, 2011 to January 9, 2012 ("the Policy");

WHEREAS, the Policy provides:

> B. The Insurer shall not be liable under Insuring Agreement C to make any payment for Loss as a result of a Claim made against an Organization:
>
> 1. for any actual or alleged obligation under or breach of any oral or written contract or agreement, including any liability of others assumed by the Organization under any such contract or agreement…
>
> (the "Contract Exclusion"); and

WHEREAS, in this action, Cross Check seeks to recover the arbitration award, including the Attorneys' Fees Award, from Old Republic under the Policy;

WHEREAS, Old Republic brought a motion for partial summary judgment to establish that Cross Check's claim for the Attorneys' Fees Award is not covered under the Policy based on the Contract Exclusion;

///

///

WHEREAS, Cross Check concedes that its claim for the Attorneys' Fees Award is not covered under the Policy based on the Contract Exclusion;

WHEREFORE, the parties STIPULATE as follows:

1. That Cross Check Services prevailed in an underlying arbitration against NVSFC involving the Lake Christopher Fuels Reduction project;

2. That Cross Check sought prevailing party attorneys' fees against NVSFC in that arbitration based on a prevailing party attorneys' fees provision in the purchase order contracts between Cross Check and NVSFC and California Civil Code section 1717;

3. That the arbitrator awarded Cross Check its prevailing party attorneys' fees in the amount of $39,342.50, which Attorneys' Fees Award was included in the final arbitration award;

4. That Cross Check reduced the final arbitration award, including the Attorneys' Fees Award, to a judgment in the California Superior Court;

5. That Old Republic issued the Policy to NVSFC;

6. That the Policy contains the Contract Exclusion which provides:

> B. The Insurer shall not be liable under Insuring Agreement C to make any payment for Loss as a result of a Claim made against an Organization:
>
> 1. for any actual or alleged obligation under or breach of any oral or written contract or agreement, including any liability of others assumed by the Organization under any such contract or agreement…;

7. That in this action, Cross Check seeks to recover the arbitration award, including the Attorneys' Fees Award, from Old Republic under the Policy;

8. That Old Republic brought a motion for partial summary judgment in this action to establish that Cross Check's claim for the Attorneys' Fees Award is not covered under the Policy based on the Contract Exclusion;

9. That the Contract Exclusion bars coverage for Cross Check's claim for the Attorneys' Fees Award; and

10. That when Judgment is entered in this action, Judgment be entered in Old Republic's favor and against Cross Check on Cross Check's claim for the Attorneys' Fees Award.

It is so STIPULATED.

Dated: April 11, 2017          PORTER SIMON

                               By: /s/ *Louis A. Basile*
                               Louis A. Basile
                               Attorneys for Plaintiff
                               CROSS CHECK SERVICES, INC.


Dated: April 11, 2017          COZEN O'CONNOR


                               By: /s/ *Michael W. Melendez*
                               Michael W. Melendez
                               Attorneys for Defendant
                               OLD REPUBLIC INSURANCE COMPANY


## ORDER

It is hereby ORDERED that the following facts are established for this litigation:

1. That Cross Check Services prevailed in an underlying arbitration against NVSFC involving the Lake Christopher Fuels Reduction project;

2. That Cross Check sought prevailing party attorneys' fees against NVSFC in that arbitration based on a prevailing party attorneys' fees provision in the purchase order contracts between Cross Check and NVSFC and California Civil Code section 1717;

3. That the arbitrator awarded Cross Check its prevailing party attorneys' fees in the amount of $39,342.50 (the "Attorneys' Fees Award"), which award was included in the final arbitration award;

4. That Cross Check reduced the final arbitration award, including the Attorneys' Fees Award, to a judgment in the California Superior Court;

5. That Old Republic issued the Policy to NVSFC;

6. That the Policy contains the Contract Exclusion which provides:

> B. The Insurer shall not be liable under Insuring Agreement C to make any payment for Loss as a result of a Claim made against an Organization:
>
> 1. for any actual or alleged obligation under or breach of any oral or written contract or agreement, including any liability of others assumed by the Organization under any such contract or agreement…;

7. That in this action, Cross Check seeks to recover the arbitration award, including the Attorneys' Fees Award, from Old Republic under the Policy;

8. That Old Republic brought a motion for partial summary judgment in this action to establish that Cross Check's claim for the Attorneys' Fees Award is not covered under the Policy based on the Contract Exclusion; and

9. That the Contract Exclusion bars coverage for Cross Check's claim for the Attorneys' Fees Award.

It is further ORDERED:

10. That when Judgment is entered in this action, Judgment be entered in Old Republic's favor and against Cross Check on Cross Check's claim for the Attorneys' Fees Award.

IT IS SO ORDERED.

Dated: April 19, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE